# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

DOCKET NUMBER
21-4

UNITED STATES OF AMERICA,

                      Appellee,

V.

JOHN BLACK,

                      Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
THE HONORABLE GINA M. GROH, CHIEF DISTRICT JUDGE

APPELLEE'S BRIEF

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

Jeffrey A. Finucane
Assistant United States Attorney
217 W. King Street, Suite 400
Martinsburg, West Virginia 25401
(304) 262-0590

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………..ii

JURISDICTIONAL STATEMENT…………………………………………......1

STATEMENT OF THE ISSUE………………………………………….....……1

STATEMENT OF THE CASE……………………………………………..…….2

SUMMARY OF ARGUMENT…………………………………………….…….2

STANDARD OF REVIEW……………………………………………………….2

ARGUMENT……………………………………………………………………...3

CONCLUSION………………………………………………………………....8

STATEMENT REGARDING ORAL ARGUMENT………………………….…8

CERTIFICATE OF COMPLIANCE…………………………………………..10

# TABLE OF AUTHORITIES

**Federal Cases**

*United States v. Clark*,
　865 F.2d 1433 (4th Cir. 1989) (en banc) .......................................................... 2

*United States v. Goforth*,
　546 F.3d 712 (4th Cir. 2008) ............................................................ 2, 3, 4, 5, 6

**Federal Statutes**

18 U.S.C. § 3142 ............................................................................... 2, 4, 5, 7, 8
18 U.S.C. § 3145 .................................................................................................. 1
18 U.S.C. § 3231 .................................................................................................. 1
18 U.S.C. §§ 1201 ................................................................................................ 1
28 U.S.C. § 1291 .................................................................................................. 1

**Other**

Fed. R. App. P. 32 ............................................................................................. 10
Federal Rule of Civil Procedure 9 ...................................................................... 7
RULES 28 ......................................................................................................... 10

## JURISDICTIONAL STATEMENT

On November 17, 2020, a grand jury sitting in the Northern District of West Virginia in Martinsburg returned an indictment charging Defendant Jon Black with conspiracy to commit kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and 1201(c); Count Two, aiding and abetting kidnapping resulting in death in violation of 18 U.S.C. §§ 2 and 1201(a)(1); and Count Three, aiding and abetting corrupt destruction of an object in violation of 18 U.S.C. §§ 2 and 1512(c)(1). Because these charges constitute offenses against the United States, the district court has original jurisdiction pursuant to 18 U.S.C. § 3231. This is an appeal from the District Court's Order Affirming the Magistrate Court's Detention Order issued on February 26, 2021. Mr. Black timely noticed his appeal on March 5, 2021. App. 186-187. The United States Court of Appeals for the Fourth Circuit has jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Whether the District Court erred in finding that Mr. Black was a danger to the community and that no condition or combination of conditions would reasonably assure the safety of the community if Mr. Black were released, and thus affirming the Detention Order of the Magistrate Court.

## STATEMENT OF THE CASE

The United States accepts the posture of this case as Defendant has recited it.

## SUMMARY OF THE ARGUMENT

The District Court did not commit clear error in making factual findings as to the 18 U.S.C. § 3142(g) factors. Defendant's appeal is overwhelmingly an invitation to re-argue and reconsider factual findings. Defendant raises two limited legal issues with no legal support. Defendant argues there is a technical requirement that the Court find the weight of the evidence "is strong." There is no such requirement. Defendant second argues that after evaluating the factors in 18 U.S.C. § 3142(g) to determine whether any conditions of release could ensure the safety of the community, there is an additional technical requirement that the Court state "with particularity" why the conditions are not satisfied. Again, there is no such requirement.

## STANDARD OF REVIEW

In an appeal from a detention order, this Court reviews legal conclusions *de novo* and factual findings for clear error. *See United States v. Goforth*, 546 F.3d 712, 714 (4th Cir. 2008); *see also United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (en banc).

2

# ARGUMENT

## A. Defendant Primarily Asks This Court to Reconsider Factual Findings by the District Court

### 1. Bail Reform Act & Rebuttable Presumption

Defendant raises seven arguments in support of his motion. Defendant is overwhelmingly asking this court to reconsider the factual findings of the District Court, which this court reviews for clear error. *Goforth,* 546 F.3d at 714. Defendant's first argument is that the Bail Reform Act provides that defendants generally should be released while awaiting trial. App. Br. 14. This is not disputed. Defendant's second argument is that there is no rebuttable presumption of detention in this case. *Id.* at 16. This is also not disputed. Magistrate Judge Trumble found that the rebuttable presumption of detention did not apply, and the District Court affirmed this finding. J.A. 124, 184.

### 2. Nature and Circumstances of the Case

Defendant's third argument is that the specific nature and circumstances of this case do not warrant detention. *Id.* at 17. This is a factual challenge that is reviewed for clear error. The Magistrate Judge heard evidence, the parties briefed this issue to the District Court, and the District Court made the following factual findings:

> The first factor, nature and circumstances of the offense charged, weighs heavily against the Defendant. Despite defense counsel's best efforts to portray the Defendant as a minor participant in only one 'phase' of the criminal activity charged within the indictment, the crimes he is charged with are of the most serious nature. To wit, conspiracy to commit kidnapping,

3

aiding and abetting kidnapping resulting in death, and aiding and abetting corrupt destruction of object. To be clear, these charges involve the death of another person. Even assuming the Defendant played a 'minor role' as counsel suggest, a minor role in another person's allegedly horrendous death is a charge of the most serious nature. Furthermore, the circumstances are equally disturbing. The counts in which this Defendant is charged involve beating, kidnapping, and lighting another person on fire. J.A. 182.

The District Court did not commit clear error as it thoroughly considered the nature and circumstances of the offense.

### 3. Weight of the Evidence

Defendant's fourth argument is that the District Court failed to make a finding that the weight of the evidence "is strong." *Id.* at 20. Defendant appears to be arguing, with no support, in favor of a mechanical rule requiring the Court find the weight of the evidence "is strong." As an initial matter, the District Court did make this finding, in stating "Magistrate Judge Trumble found that the weight of the evidence against the defendant *is strong* . . . This Court affirms Magistrate Judge Trumble's factual findings and conclusion." (emphasis added). J.A. 184. Notwithstanding, there is no legal support for this technical rule. Rather, 18 U.S.C. § 3142(g) states:

> Factors to be Considered – The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning – . . . (2) the weight of the evidence against the person."

4

In affirming the Magistrate Judge's ruling, the District Court took into account the available information concerning the weight of the evidence, stating:

> The case agent testified that three witnesses described some of the Defendant's involvement in this case. Witnesses said that the Defendant beat the victim, assisted in burning his car, rode with a co-defendant in the victim's car – while the victim was in the trunk – and told two witnesses that he stabbed the victim. What's more, the Defendant, during a second interview by law enforcement, admitted that he was present at the scene of the victim's beating and kidnapping. The case agent also testified that the Defendant burned some of his clothing." J.A. 182.

Defendant's legal challenge that there is a requirement for the Court to make a finding that the weight of the evidence "is strong" is without merit.

Defendant's primary challenge to the Court's conclusion regarding the weight of the evidence is a factual challenge which this Court reviews for clear error. *Goforth,* 546 F.3d at 714. Magistrate Judge Trumble heard evidence regarding the weight of the evidence, the parties briefed the issue to the District Court, the District Court considered those arguments as part of its analysis under 18 U.S.C. § 3142 and explained its consideration of the weight of the evidence in its order. Defendant has failed to show clear error regarding the Court's factual findings as to the weight of the evidence.

### 4. History and Characteristics of the Defendant

Defendant's fifth argument is that the history and characteristics of the Defendant support release. App. Br. 22. This is a factual finding that the Court reviews for clear error. *Goforth,* 546 F.3d at 714. Magistrate Judge Trumble heard

from four defense witnesses at the detention hearing and was not persuaded by the testimony. J.A. 123-126. The parties briefed this matter to the District Court, and the District Court affirmed the findings of the Magistrate Judge. The Court laid out numerous considerations including the Defendant's sporadic employment history, his regular drug use, his violent conduct at the time of a fire, and testimony indicating he was easily influenced by others. J.A. 183-184. In his appeal, Defendant has simply repeated the arguments already presented to the District Court and now asks this Court to come to a different factual conclusion. Defendant has failed to show clear error regarding the factual findings as to the history and characteristics of the Defendant.

**5. Danger to the Community**

Defendant's sixth argument is that he does not pose a danger to the community. This is a factual finding that the Court reviews for clear error. *Goforth*, 546 F.3d at 714. The Court considered the evidence presented and reasoned as follows:

> The fourth factor, the nature and seriousness of the danger to any or the community that would be posed by the person's release is apparent from the Court's discussion [of the history and characteristics of the Defendant.] There are already indicted charges of witness intimidation and tampering resulting in death of more than one witness in this case. Notably, this Defendant was not charged with those crimes. However, counsel's argument that Mr. Black is just a follower, and testimony to support this argument, further convinces this Court that the Defendant poses a very real danger to other witnesses in this case and the community at large.

6

Defendant again invites this Court to reconsider the factual findings of the District Court. Defendant has failed to show clear error regarding whether he is a danger to the community.

**6. Conditions for Release**

Defendant's seventh argument is that the District Court failed to state with particularity[1] the reasons no conditions or combination of conditions will reasonably assure the safety of other persons and the community. App. Br. 26. The Government respectfully strains to understand the standard Defendant is advocating. It is not disputed that the Court articulated its consideration of the factors in 18 U.S.C. § 3142(g), as discussed above. After discussing each of the factors and explaining which facts the Court relied on, the District Court considered whether any condition or combination of conditions would reasonably assure the safety of other persons and the community, and reasoned:

> Magistrate Judge Trumble found that the weight of the evidence against the Defendant is strong and the Defendant is subject to life in prison or death if convicted. He is a regular drug user who lacks stable employment. Judge Trumble also found that the Defendant would be a danger to the community by clear and convincing evidence and that there are no bond conditions to reasonably ensure the safety of the community. This Court affirms Magistrate Judge Trumble's factual findings and conclusions.
>
> The Court finds that the natures and consequences of Defendant's alleged crimes are very serious. However, most importantly, the Court finds that the

---

[1] Federal Rule of Civil Procedure 9 requires plaintiffs in some civil actions for fraud to plead with particularity. This standard is not commonly used in criminal proceedings and the Government is not aware that the standard is applied to criminal orders from the Courts.

7

fourth factor, the nature and seriousness of the danger to any person in the community that would be posed by the person's release, weights strongly in favor of detaining Defendant. Defendant's counsel stated that "everyone knows" who the witnesses against the Defendant are. Therefore, there is a risk of danger posed to those witnesses. Additionally, the other three factors, particularly when taken together or in conjunction with the fourth factor, reveal a danger to the community.  J.A. 184-185.

The Court's order affirming the Magistrate Judge Trumble's order of detention followed the requirements in 18 U.S.C. § 3142. The Court examined each of the factors in 18 U.S.C. § 3142(g) individually and then, looking at the factors in their totality, made a finding that no conditions of release would assure the safety of the community. Defendant has offered no legal support to support his argument that in addition to complying with the statue, the Court must meet a heightened "particularity" standard. The Court did not commit clear error in making the factual findings above and Defendant's legal argument is not supported by the law.

## CONCLUSION

WHEREFORE, for all of these reasons, the United States moves the Court to uphold the district court's order of detention and deny this appeal.

## STATEMENT REGARDING ORAL ARGUMENT

The United States respectfully suggests that oral argument is not necessary in this case.  The legal issues are not novel, and oral argument likely would not aid the Court in reaching its decision.

Respectfully submitted,

RANDOLPH J. BERNARD
ACTING UNITED STATES ATTORNEY

By:　<u>/s/Jeffrey A. Finucane</u>
　　　Jeffrey A. Finucane
　　　Assistant U.S. Attorney

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. **21-4**  Caption: **United States of America v. John Black**

## CERTIFICATE OF COMPLIANCE WITH RULES 28 or 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   [ X ] this brief contains 1954 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f)

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using
      __X__ Microsoft Word 2016 in
      __X__ Times New Roman, 14 point; *or*

   [    ] this brief has been prepared in a monospaced typeface using
      _____ [*state name and version of word processing program*] with
      _____ [*state number of characters per inch and name of type style*].

Date:      March 26, 2021

/s/ Jeffrey A. Finucane
Jeffrey A. Finucane
Assistant U.S. Attorney

10

# CERTIFICATE OF SERVICE

I, Jeffrey A. Finucane, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on March 26, 2021, I caused this *Appellee's Brief* to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of this filing to:

Richard Walker, Esq.
Federal Defender Office
230 W. Pike Street, Suite 360
Clarksburg, West Virginia 26301

Nicholas Compton, Esq.
Federal Defender Office
651 Foxcroft Avenue, Suite 202
Martinsburg, WV 25401

                                            RANDOLPH J. BERNARD
                                            UNITED STATES ATTORNEY

                             By:   /s/ Jeffrey A. Finucane
                                     Jeffrey A. Jeffrey
                                     Assistant U.S. Attorney