NO. 21-4 _____

In The

# United States Court of Appeals

For The Fourth Circuit

United States of America

Appellee

v.

John Westley Black, III

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE  NORTHERN DISTRICT OF WEST VIRGINIA     AT MARTINSBURG

_____

MEMORANDUM REPLY BRIEF

_____

L. Richard Walker, AFPD
Federal Public Defender Office
230 W. Pike Street, Suite 360
Clarksburg, WV 26301
(304)918-6068
richard_walker@fd.org

Nicholas J. Compton, AFPD
Federal Public Defender Office
65 Foxcroft Avenue, Suite 202
Martinsburg, WV 25401
(304)350-6516
nicholas_compton@fd.org

Counsel for Appellant                          Appellant

# **TABLE OF CONTENTS**

Table of Authorities .........................................................................................i

Introduction ....................................................................................................1

Argument.........................................................................................................2

   I.   THE BAIL REFORM ACT PROVIDES THAT DEFENDANTS
       GENERALLY SHOULD BE RELEASED WHILE THEY ARE
       AWAITING TRIAL ..................................................................................2

   II.   THERE IS NO REBUTTABLE PRESUMPTION OF DETENTION IN
       THIS CASE ..............................................................................................2

  III.   THE SPECIFIC NATURE AND CIRCUMSTANCES OF THE
       OFFENSES, AS THEY RELATE TO MR. BLACK, DO NOT SUPPORT
       A CONCLUSION OF PRETRIAL DETENTION .........................................3

  IV.   THE DISTRICT COURT'S ORDER FAILED TO MAKE A FINDING
       THAT THE WEIGHT OF THE EVIDENCE AGAINST MR. BLACK IS
       STRONG BECAUSE IT IS NOT ..................................................................4

   V.   THE HISTORY AND CHARACTERISTICS OF MR. BLACK SUPPORT
       RELEASE...................................................................................................7

  VI.   MR. BLACK DOES NOT PRESENT A DANGER TO THE
       COMMUNITY .........................................................................................10

 VII.   THE DISTRICT COURT'S ORDER FAILED TO STATE WITH
       PARTICULARITY THE REASONS NO CONDITION OR
       COMBINATION OF CONDITONS WILL REASONABLY ASSURE
       THE SAFETY OF OTHER PERSONS AND THE COMMUNITY IF
       MR. BLACK IS RELEASED ....................................................................12

Conclusion ...................................................................................................15

Request for Oral Argument............................................................................15

## TABLE OF AUTHORITIES

**Cases**

*United States v. Rita*, 551 U.S. 338 (2007).................................................................12

*United States v. Salerno*, 481 U.S. 739 (1987)...........................................................12

*United States v. Goodman*, 145 Fed.Appx. 282 (10th Cir. 2005) (unpublished)....13

*United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991)..........................................11

*United States v. Sabhnani*, 493 F.3d 63 (2d Cir. 2007)...............................................2

*United States v. Scott*, 450 F.3d 863 (9th Cir. 2006)...................................................3

*United States v. Shakur*, 817 F.2d 189 (2d Cir. 1987)................................................2

*United States v. Stewart*, 19 Fed.App'x. 46 (4th Cir. 2001) (unpublished) .............2

*United States v. Swanquist*, 125 F.3d 573 (7th Cir. 1997)........................................13

*United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990).........................................7

*United States v. Bradly*, 2009 WL 1338719 (W.D.N.C, May 12, 2009)..................9

*United States v. Riccardi*, 2002 WL 1402232 (D.Kan.2002)...................................3

*United States v. Robinson*, 710 F.Supp.2d 1065 (D.N.Mar.I., May11, 2010)...........7

**Statutes and Rules**

18 U.S.C. § 3142(e) ......................................................................................................2

18 U.S.C. § 3142(g) ..................................................................................................6, 11

i

18 U.S.C. § 3142(i) ............................................................................ 12

Fed.R.App.P. 9(a)(1) ......................................................................... 13

# INTRODUCTION

In its Response, the United States primarily asserts that Mr. Black is asking this Court to reconsider factual findings made by the District Court. That is correct. Mr. Black is asking this Court to review factual findings made by the District Court. The United States also correctly notes that the standard used by this Court to review these factual findings is clear error. Again, Mr. Black agrees. However, as detailed in his opening brief, Mr. Black contends that the District Court did commit clear error in making its factual findings. Mr. Black reasserts that contention here in this Reply. Further, Mr. Black asserts that the United States' Response failed to directly address any of his arguments in favor of release, failed to meaningfully discuss the evidence in the record, failed to cite any authority in support of detention, and failed to address, contest, or distinguish any of the authority supporting release cited in his opening brief.

All parties agree that this is a serious case. That fact alone, however, does not warrant Mr. Black's detention. Mr. Black has cited seven bases supporting his release. He reiterates those bases for release in this Reply and notes how the United States has failed to offer any argument in response.

1

# ARGUMENT

## I. THE BAIL REFORM ACT PROVIDES THAT DEFENDANTS GENERALLY SHOULD BE RELEASED WHILE THEY ARE AWAITING TRIAL.

The United States does not dispute this first argument for release cited by Mr. Black. The United States therefore supports the proposition that a defendant shall be detained pending trial only if the district court "finds that no condition or combination of the conditions will reasonable assure" either (1) "the appearance of the [defendant] as required" or (2) "the safety of any other person and the community." 18 U.S.C. § 3142(e); see also *United States v. Stewart*, 19 Fed.App'x 46, 48 (4th Cir. 2001)(unpublished). Further, the United States must agree that "it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (quoting *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987)). Hence, the parties agree that the district court should begin its detention analysis with the general proposition that a defendant like Mr. Black should be release.

## II. THERE IS NO REBUTTABLE PRESUMPTION OF DETENTION IN THIS CASE.

The United States does not dispute Mr. Black's second argument that there is no rebuttable presumption of detention in this case. Hence, the United States

2

agrees that there is no statutory presumption in favor of release, but rather a

favorable inclination towards pretrial release. *United States v. Riccardi*, 2002 WL

1402232, at *1 (D.Kan.2002) ("By its very language, the Act demonstrates its

favorable inclination toward pretrial release of federal criminal defendants.").

### III.   THE SPECIFIC NATURE AND CIRCUMSTANCES OF THE OFFENSES, AS THEY RELATE TO MR. BLACK, DO NOT SUPPORT A CONCLUSION OF PRETRIAL DETENTION.

Regarding Mr. Black's third argument, the United States simply asserts that

the issue was briefed to the District Court, the District Court made its finding, and

there was no clear error.  The United States offers nothing in support of its

assertion that there was no clear error.  In fact, the United States completely fails to

address any aspect of the nature and circumstances of the offenses or how the

District Court analyzed them.  Further, the United States did not address any of the

authority cited by Mr. Black in support of his position or provide any counter-

authority in support of detention.

In this case, the District Court overstates the nature and circumstances of the

offenses as they relate to Mr. Black.  *United States v Scott*, 450 F.3d 863, 875 (9th

Cir. 2006) ("Thus, the Supreme Court upheld the constitutionality of a bail system

where pretrial defendants could be detained only if the need to detain them was

demonstrated on an individualized basis.").  The United States' Response fails to

3

address the District Court's failure to provide an individualized analysis of Mr.

Black's involvement in the nature and circumstances of the case. The United

States did not provide an explanation or argument as to why the District Court

seemed to ignore Mr. Black's minor role in the offense. The United States also

chose not to address the District Court's failure to take into consideration the

presumption that Mr. Black is innocent of the charges against him or that a mere

presence defense exists.

Mr. Black has consistently denied all charges against him. He continues to

do so. He denies beating Mr. Riddle, stabbing him, or setting him on fire. The

evidence presented at the detention hearing by Agent Duffy, if believed, suggests

that Mr. Black was merely present at the events in question and certainly does not

support a finding that Mr. Black played anything other than a minor role in them.

The United States, in its Response, does not argue otherwise.

### IV.    THE DISTRICT COURT'S ORDER FAILED TO MAKE A FINDING THAT THE WEIGHT OF THE EVIDENCE AGAINST MR. BLACK IS STRONG BECAUSE IT IS NOT.

As it relates to Mr. Black's fourth argument, the United States contends that

Mr. Black is attempting to impose on the District Court a new rule that it must find

the weight of the evidence against the defendant "is strong." Mr. Black is not

attempting to create a new rule. He is merely citing the language used by the U.S.

4

Magistrate Judge in ordering his detention.  App. 124.  While it is true that the

District Court did affirm the Magistrate Judge's order, Mr. Black notes that the

District Court did not make any finding, in its *de novo* review, that the evidence

against him "is strong."  App. 182-184.  Instead the District Court relied on (1) the

fact that the weight of the evidence against Mr. Black was sufficient for a grand

jury to indict him, and (2) the testimony of the case agent which was based on the

unsworn statements of three witnesses.  App. 182.

     The District Court's reliance on a probable cause finding by the grand jury is

totally misplaced and irrelevant.  As Mr. Black argued in his opening brief,

probable cause found by a grand jury is not the standard by which the weight of the

evidence against a defendant measured.  If it were the standard, the weight of the

evidence factor would always be applied against every defendant.  The United

States' Response does not address at all this clear error by the District Court or Mr.

Black's argument against it.  Instead, the United States once again simply asserts,

without support or argument, that no clear error exists.

     The District Court's reliance on the testimony of the case agent, which in

turn was based on the statements of three witnesses, is also misplaced.  The

testimony revealed that the three witnesses are unindicted co-conspirators, lacking

in credibility and wildly culpable in charged offenses.  The testimony further

5

revealed that all three witnesses were drug users and were drunk and high on the night of the alleged assault and murder.  Further, two witnesses gave less than truthful statements and one witness obstructed justice by cleaning up the crime scene.  The District Court's *de novo* review of the Magistrate Judge's order makes no mention of any of these issues.  Instead, the District Court takes as gospel the statements of these three witnesses conveyed to the Magistrate Court through the case agent.  Further, the District Court does not discuss at all in its order the lack of physical evidence against Mr. Black, the lack of any corroborating audio or video, or lack of any critical admissions made by Mr. Black.  Mr. Black raised all of these issues in his opening brief.  The United States' Response does not address any one of them.

Under the provisions of 18 U.S.C. § 3142(g), a court shall take into consideration the weight of the evidence against the person.  There is no requirement that the weight of the evidence be strong, but in order to detain under this factor, the weight of the evidence should weigh in favor of detention and against the presumption of release.  In this case, the District Court committed clear error by adopting a probable cause standard to evaluate the weight of the evidence against Mr. Black.  In addition, the District Court committed clear error by considering only testimony favorable to the United States in the *de novo* review,

6

and failing, or refusing, to consider testimony favorable to Mr. Black.  Again, the United States, for its part, has no response other than to state no clear error exists.

## V.    THE HISTORY AND CHARACTERISTICS OF MR. BLACK SUPPORT RELEASE.

Here again, the United States fails to respond to Mr. Black's arguments in his opening brief regarding the errors in the District Court's order.  The United States simply says the issues were briefed to the District Court and there was no clear error.  In fact, the United States is in error.

First, to support detention, the District Court relies on a finding that Mr. Black has no ties to the Northern District of West Virginia.  App. 183.  Not only is such a finding irrelevant, but it is also a misstatement of the law.  The finding is irrelevant because "ties to the community" is a factor relevant to flight risk.  As the District Court noted, flight risk is not an issue in this case.  App. 181. Additionally, "ties to the community" means both the community where charges are brought and the community where the defendant normally resides.  *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("If it were only the community in which the indictment was brought, a defendant who had deep ties in Boston, for example, might be denied bail if indicted in New Haven."); *United States v. Robinson*, 710 F.Supp.2d 1065, 1070 (D.N.Mar.I., May 11, 2010) (same).

7

The United States' Response makes no mention of this matter. The testimony given at the detention hearing indicated that Mr. Black had strong ties to his community in Carroll County, Maryland.

Second, regarding Mr. Black's employment history, substance abuse history, and criminal history, the District Court again appears to have an unfair preference for information produced by the United States, rather than Mr. Black, in deciding what information to give great weight to and what information to ignore. Mr. Black is 23 years old. He graduated high school when he was 18 and was arrested when he was 22. In those four years, Mr. Black has held five jobs and was working at the time he was arrested. The District Court calls that sporadic employment and uses it as a basis to detain Mr. Black. The District Court makes no mention and does not consider how Mr. Black's age, intellectual deficits, and lack of a college degree might factor into his employment history. The District Court also ignores evidence that Mr. Black has a job waiting for him upon release.

The District Court also cites Mr. Black's marijuana use as a reason to detain him. However, the District Court does not explain how marijuana use makes Mr. Black dangerous. Further, the District Court ignores testimony regarding efforts being made to enroll Mr. Black in drug treatment upon release. Instead, the District Court, without any evidence, incorrectly asserts that Mr. Black lacks

8

employment history and that lack of employment history "is exacerbated by regular drug use." App. 183.

Perhaps what is most erroneous, the District Court acknowledges that Mr. Black's criminal history is minimal, but then fails give that fact the appropriate weight. Such a finding is ordinarily grounds for release even in the most serious of cases. *See, e.g., United States v. Bradly*, 2009 WL 1338719 (W.D.N.C., May 12, 2009) (ordering release of woman who stabbed her husband in the chest because she had no prior criminal history, lifelong connections to the Cherokee area, and numerous family members that lived close to her committed to assisting her in anyway necessary). Even so, the District Court here is at pains to construe an isolated and very unusual incident from six years ago as evidence of Mr. Black's predisposition to attack witnesses in this case. Six years ago, an arsonist set Mr. Black's apartment building on fire. After saving one of the residents of the building, Mr. Black saw the arsonist nearby and punched him. He was not convicted of this minor assault. However, based on this incident, the District Court says it "is concerned about the safety of others who may have information about this case…." App. 183. The District Court completely ignores the lack of evidence in the record suggesting that Mr. Black would tamper with or harm a witness. The District Court ignores the fact that Mr. Black has no history of

9

tampering with or harming witnesses.  The District Court ignores the protective order in place in this case prohibiting disclosure of information, including addresses, of potential witnesses to Mr. Black.  Instead, because six years ago Mr. Black punched somebody who set his house ablaze, the District Court assumes that releasing Mr. Black will present a danger to the witnesses in this case.

In reaching these finding, the District Court construed the evidence of Mr. Black's history and characteristics in a way that favored detention.  Mr. Black asserts that the District Court's conclusions, and the method in which it reached those conclusions, constitute clear error.  Once again, to this argument, the United States has no response other than to say no clear error exists.

## VI.    MR. BLACK DOES NOT PRESENT A DANGER TO THE COMMUNITY.

The United States provides no response to Mr. Black's sixth argument that he is not a danger to the community.  The United States again merely asserts that the District Court committed no clear error.  In fact, the District Court did commit clear error by engaging in wild speculation as to what Mr. Black might be forced to do if released from custody.  Ignoring the fact that Mr. Black has no criminal history and no history of tampering with witnesses, the District Court concludes that testimony indicating Mr. Black has a tendency to be a follower means he will

be unable to resist any directives from his co-defendant to threaten the safety of the three witnesses against them. Nothing in Mr. Black's background, nothing about his personal characteristics, nothing in his criminal history supports this extreme supposition.

Interestingly, the United States had no response to Mr. Black's citation to *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991), in support of his position that the District Court committed clear error in analyzing the danger to the community factor. In that case, the First Circuit affirmed the pretrial release of a *Mafia boss*. The Court there held that while mafia bosses are generally assumed to be intimidating and highly dangerous, the United States had failed to demonstrate that this particular crime boss—Patriarca—posed a significant danger that could not be overcome by appropriate conditions. *Patriarca*, 948 F.2d at 795. Certainly, every case is different and different courts will analyze the various detention factors differently. However, what *Patriarca* illustrates is that even mafia bosses, whose general traits are assumed to include witness tampering and intimidation, are subject to a strong presumption of release and an individualized analysis of the § 3142(g) factors—not wild speculation as to what might happen upon release. Mr. Black is not a mafia boss. His personality is such that he tends to be a follower, not a leader. That trait does not make him a danger to the community,

11

particularly because he has no prior criminal conviction and no history of

tampering with or intimidating witnesses.  The wild speculation, unsupported by

anything in the record, is the clear error that the United States fails to recognize.

**VII.    THE DISTRICT COURT'S ORDER FAILED TO STATE WITH
PARTICULARITY THE REASONS NO CONDITION OR
COMBINATION OF CONDITIONS WILL REASONABLY
ASSURE THE SAFETY OF OTHER PERSONS AND THE
COMMUNITY IF MR. BLACK IS RELEASED.**

In his seventh argument, Mr. Black contends that the District Court failed to

adequately articulate why no condition or combination of conditions will

reasonably assure the safety of other persons and the community if he were to be

released.  In other words, Mr. Black's position is that the District Court failed to

justify its conclusions with any particularity.  The United States takes issue with

Mr. Black's use of the word "particularity."  The United States claims that Mr.

Black is seeking to impose a standard of particularity on the District Court that

does not exist.  The United States then incorrectly asserts that Mr. Black offered no

authority in his opening brief to support his position.  In fact, Mr. Black offered

then, and offers now, a great deal of authority to support his argument.  *See United

States v. Rita*, 551 U.S. 338, 356 (2007) ("Judicial decisions are reasoned

decisions."); *United States v Salerno*, 481 U.S. 739, 752 (1987) (citing 18 U.S.C. §

3142(i)) (a district court must "include written findings of fact and a written

12

statement of the reasons for a decision to detain); Fed.R.App.P. 9(a)(1) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case"); *United States v. Goodman*, 145 Fed.Appx. 282, 284 (10th Cir. 2005) (unpublished) (the written-order safeguard is meant "to ensure that the reasons underlying a detention order are articulated with sufficient clarity to permit appellate review."); *United States v. Swanquist*, 125 F.3d 573, 576 (7th Cir. 1997) ("Although the standards for what suffices as a statement of reasons are not subject to rigid definition . . . a statement of reasons encompasses more than a mere recitation of the statutory language followed by nothing more than a conclusory statement that the applicable factors have (or have not) been met."). The United States ignores this authority and fails to offer any response to it.

In its order, the District Court restated its dangerousness analysis in support of its finding that no condition or combination of conditions exist to ensure the safety of the community if Mr. Black were to be released. The United States asserts in response that the District Court thus justified its findings. Both the District Court and the United States conflate and confuse the bases for finding a defendant to be a danger and the reasons why no condition or combination of conditions would reasonably assure the safety of others or the community. The

13

District Court's supposed basis for finding that no condition or combination of conditions exist is merely a restatement of the purported reasons the Court relied upon to find Mr. Black to be a danger. The District Court offered no explanation as to *why* any available conditions or combination of conditions would be insufficient to ensure the safety of the community. The District Court offered no explanation as to *why* conditions or combinations of conditions could not be crafted to negate the alleged danger the District Court sees in Mr. Black's release. Perhaps most concerning, the District Court offered no explanation as to why a suggested release plan offered by Mr. Black's counsel (App. 82-84) would be insufficient to ensure the safety of others and the community. In fact, the District Court ignores counsels' suggestion altogether. As Mr. Black noted in his opening brief, the District Court must consider the well-known and available conditions together with those proposed by the parties. It is required to look for an alternative to incarceration and ponder the least restrictive conditions possible. Then, the District Court must state, at least briefly, that it has considered all the available conditions individually and in combination and explain the reasons why none of it can work. The District Court failed to do so. All it did was restate its dangerousness analysis. As such, the District Court committed clear error by failing to comply with the provisions and safeguards of the Bail Reform Act.

14

## CONCLUSION

For the reasons stated above, and for those reasons stated in his opening brief, Mr. Black respectfully requests that this Court reverse the ruling of the District Court and order his release on bond.

## REQUEST FOR ORAL ARGUMENT

Mr. Black respectfully requests oral argument before this Court.


Respectfully submitted,

**JOHN WESTLEY BLACK, III**


By:    /s/ L. Richard Walker
      L. Richard Walker, Esq.
      Senior Litigator
      Office of the Federal Public Defender
      Attorney for Appellant
      Federal Public Defender Office
      230 West Pike Street, Suite 360
      Clarksburg, WV 26302
      Tel. (304) 622-3823
      Fax. (304) 622-4631

By:    s/ Nicholas J. Compton
      Nicholas J. Compton
      Assistant Federal Public Defender
      Office of the Federal Public Defender
      Attorney for Appellant
      Federal Public Defender Office
      651 Foxcroft Avenue, Suite 202

15

Martinsburg, WV 25401
Tel: (304) 260-9421
Email: Nicholas_Compton@fd.org

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2021, I electronically filed the foregoing

REPLY BRIEF with the Clerk of the Court using the CM/ECF system, which will

send notification of such filing to the following:

Kimberley D. Crockett
Assistant United States Attorney
United States Attorney's Office
217 West King Street, Suite 400
Martinsburg, West Virginia 25401

By:    /s/ L. Richard Walker
     L. Richard Walker, Esq.
     Senior Litigator
     Office of the Federal Public Defender
     Attorney for Appellant
     Federal Public Defender Office
     230 West Pike Street, Suite 360
     Clarksburg, WV 26302
     Tel. (304) 622-3823
     Fax. (304) 622-4631

By:    s/ Nicholas J. Compton
     Nicholas J. Compton
     Assistant Federal Public Defender
     Office of the Federal Public Defender
     Attorney for Appellant
     Federal Public Defender Office
     651 Foxcroft Avenue, Suite 202
     Martinsburg, WV 25401
     Tel: (304) 260-9421
     Email: Nicholas_Compton@fd.org